United States District Court
Southern District of Texas
**ENTERED**
October 01, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORNELIUS MILAN HARPER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-304 |
| | § | |
| STATE BOARD OF CRIMINAL JUSTICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff Cornelius Milan Harper is a Texas inmate appearing *pro se* and *in forma pauperis* in this recently filed civil action. Mr. Harper has become a prolific filer of nonsensical civil actions, motions, and other submissions. He now has four civil cases pending before this Court: (1) *Harper v. Bell, et al.*, No. 2:17-cv-117 (S.D. Tex. filed Mar. 27, 2017); (2) *Harper v. City of Beeville, et al.,* No: 2:18-cv-299 (S.D. Tex. filed Sept. 19, 2018); (3) *Harper v. Municipality of Bee Co., et al.,* No. 2:18-cv-300 (S.D. Tex. filed Sept. 21, 2018); and (4) *Harper v. St. Board of Crim. Justice, et al.,* No. 2:19-cv-300 (S.D. Tex. filed Sept. 21, 2018).[1]

The instant prisoner civil rights action, prepared on a 42 U.S.C. § 1983 civil rights form, is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

[1] Mr. Harper has also been cautioned for sending a hair sample to the Court. *Harper v. Bell,* No. 2:17-cv-117 at D.E. 93.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. He is currently serving a life sentence without parole. In this civil rights action, Plaintiff sues the following defendants: (1) State Board of Criminal Justice; (2) Texas Board of Pardons and Paroles; (3) Peoples of the State of Texas Republic; (4) Governor of Texas Greg Abbott; and (5) Ken Paxton, Attorney General of the State of Texas in his Official Capacity Only.

In the "Statement of Claim" section on page four of his completed civil rights form, Plaintiff states the following:

> The People of the State of Texas through elected Governor appointed the Texas Board of Criminal Justice who enforced through the Texas Department of Criminal Justice unconstitutional policies, practices,

[2] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

> customs, etc[.] that violated, statewide, the sovereign rights of U.S. and Texas citizens without just compensation, in the state of Texas throughout its chartered birth as a public trust to present beyond. Prisoners statewide have been continuously treasoned [sic], terrorized and forced into slavery and involuntary servitude by the Defendants, their allies and all participating in their scheme and habits of practice and contractual breaches. Description of posts, abandonment of duty, betrayal of oath, embezzlement of trusts.

(D.E. 1, p. 4). Plaintiff asserts that Defendants have committed various unlawful and criminal acts, including slavery, perjury, barratry, treason, racketeering violations, and desecration of "sacred tribal heritage." (D.E. 1, p. 3).

In his prayer for relief, Plaintiff seeks an "order for injunction for recompense, redemption, release, discharge of service, reform, redress, constitutionalization [sic] of TBCJ/TDCJ, order trial by public jury on all facts of merit and cause for claim. Commutations." (D.E. 1, p. 4). Plaintiff has attached numerous Step 1 and Step 2 grievances to his original complaint, in which he (1) complained about matters regarding his confinement; and (2) appealed from numerous disciplinary convictions. (D.E. 1, pp. 11-92, 99-100). He also has attached copies of state court indictments brought against him (D.E. 1, pp. 93-95) as well as documentation of various disciplinary cases brought against him (D.E. 1, pp. 98, 101-35).

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal

conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Plaintiff claims that Defendants: (1) committed various acts consisting of placing him in slavery, perjury, barratry, treason, racketeering violations, and desecration of "sacred tribal heritage"; and (2) enforced various unconstitutional policies, practices and customs which served to violate the sovereign rights of Unites States and Texas citizens (D.E. 1, pp. 3-4). Plaintiff, however, fails to present a logical and coherent set of allegations to support any of these claims for relief. His incoherent and rambling allegations otherwise fail to identify a state policy, practice or custom which has caused harm to him or otherwise support any claim that such policy, practice, or custom is unconstitutional.

Plaintiff attaches numerous grievances relating to a wide range of complaints against McConnell Unit officials as well as appeals from various disciplinary convictions.

He further has submitted copies of his Texas indictments and various disciplinary cases brought against him while in TDCJ custody. Plaintiff's allegations, however, fail to identify any coherent or rational claim that has any possible relationship to any of his attachments. Furthermore, his statement that Defendants' various violations of constitutional, federal, and state law have forced him and other Texas prisoners into being "continuously treasoned [sic], terrorized and forced into slavery and involuntary servitude" is irrational and wholly incredible.

Because Plaintiff's complaint consists of irrational, baseless, and wholly incredible allegations, the Court is not bound to accept his allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (explaining that allegations must be accepted as true, unless they are clearly irrational, baseless, or wholly incredible). Accordingly, the undersigned respectfully recommends that Plaintiff's complaint be dismissed as frivolous. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284, 2016 WL 2344231 *3 (W.D. Tex.—San Antonio, May 2, 2016) (explaining that "[a] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible") (citing *Denton*, 504 U.S. at 32-33).

## V. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be

**INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 28th day of September 2018.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).