Case 2:18-cv-00304   Document 24   Filed on 07/09/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORNELIUS MILAN HARPER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-304 |
| | § | |
| STATE BOARD OF CRIMINAL JUSTICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTION TO REINSTATE CASE

Plaintiff Cornelius Harper, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. On February 27, 2019, Senior United States District Judge Hilda G. Tagle dismissed this action with prejudice for failure to state a claim and/or as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 19). Final judgment was entered that same day. (D.E. 20). More than two years later, Plaintiff has filed a motion to reinstate this action and three other civil rights actions filed in this Court. (D.E. 23).

The undersigned construes Plaintiff's motion as one seeking reconsideration of the Court's final order and judgment. Plaintiff's motion is dated June 26, 2021. A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Plaintiff did not file

his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Plaintiff's motion is liberally construed as one seeking relief under Rule 60(b)(6), which provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This relief will be granted only if "extraordinary circumstances" are present. *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

Plaintiff presents no extraordinary circumstance to warrant Rule 60(b) relief in this case. Indeed, Plaintiff's twenty-page motion and attached exhibits contain no rational train of thought, much less any coherent reason to justify reinstating this case. Accordingly, it is respectfully recommended that Plaintiff's motion to reinstate case, construed as a Rule 60(b) motion for reconsideration (D.E. 23), be **DENIED**.

Respectfully submitted this 9th day of July, 2021.

              Jason B. Libby
              United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).